**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Dale Lowery, | No. CV 12-1625-PHX-RCB (LOA) |
| Plaintiff, | **O R D E R** |
| vs. | |
| Unknown Barcklay, et al., | |
| Defendants. | |

Plaintiff Christian Dale Lowery, who is confined in the Arizona State Prison Complex (ASPC)-Yuma, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367. The Court will order Defendant Barcklay to answer Count I of the Complaint and will dismiss the remaining claim and Defendants without prejudice.

**I.  Filing Fee**

Plaintiff has paid the $350.00 statutory filing fee. (Doc. 1.)

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

**TERMPSREF**

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.
2  28 U.S.C. § 1915A(b)(1), (2).

3  A pleading must contain a "short and plain statement of the claim *showing* that the
4  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
5  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
6  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
7  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements, do not suffice."  Id.

9  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10 claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,
11 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
12 that allows the court to draw the reasonable inference that the defendant is liable for the
13 misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
14 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15 experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual
16 allegations may be consistent with a constitutional claim, a court must assess whether there
17 are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

18 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
19 must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th
20 Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
21 than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,
22 94 (2007) (*per curiam*)).

23 **III.    Complaint**

24 Plaintiff asserts two claims arising from an injury to his hand sustained while working
25 as a plumber for the Arizona Department of Corrections (ADC).  (Doc. 1.)  He names as
26 Defendants Dr. Barcklay, Correctional Officer (CO) III Hayden, and CO IV Zaragosa.  (Id.)

27 In Count I, Plaintiff alleges an Eighth Amendment claim of deliberate indifference by
28 Barcklay.  Plaintiff asserts that he was injured on March 14, 2011, and that Dr. Milazzo

TERMPSREF

- 2 -

1  sutured the wound, prescribed anti-biotics, and placed Plaintiff on limited-duty status, which
2  did not exclude Plaintiff's work assignment. From then on, Plaintiff was dependent on
3  Barcklay for medical care. Plaintiff made nine contacts with Health Services seeking
4  medical attention, complaining that he had twice re-injured his hand and was experiencing
5  pain, swelling, and an inability to extend his finger. On April 19, Barcklay notified Plaintiff
6  that she had made a request for an "ortho" evaluation. Plaintiff was seen on May 5 by an
7  orthopedic surgeon who concluded that Plaintiff had severed a tendon and that because so
8  much time had elapsed, the chance for successful surgery and recovery was greatly
9  diminished. Plaintiff had the surgery on June 6. His hand capacity has been diminished, and
10 he has suffered pain. (Doc. 1 at 3-3a.)

11 In Count II, Plaintiff asserts a state claim for negligence by Hayden and Zaragosa for
12 their allegedly improper processing of Plaintiff's grievance regarding his medical care. (Id.
13 at 4.) Plaintiff asserts that he submitted an informal resolution per the ADC grievance policy
14 but he did not receive an answer. Thereafter the submitted a formal grievance, which should
15 have been immediately forwarded to the Facility Health Administrator (FHA) by Zaragosa.
16 Instead, Zaragosa sent the grievance to Hayden, asking about the informal resolution. When
17 Plaintiff finally met with the FHA after filing an emergency grievance, the FHA said that he
18 never received the original informal resolution or grievance.

19 Plaintiff then filed grievances seeking compensation for the negligence of Hayden and
20 Zaragosa. Plaintiff met with the Assistant Deputy Warden and others. Plaintiff accepted the
21 apology and compensation offered by the Deputy Warden as settlement, but the
22 compensation was later rescinded as not within the scope of policy.

23 Plaintiff asserts that Defendants' conduct caused a delay in his medical care and that
24 the FHA had Plaintiff in the hospital in fewer than 48 hours after meeting with Plaintiff.
25 (Doc. 4-4a.)

26 **IV.    Failure to State a Claim**

27 Under Arizona law, "[a]ny and all causes of action which may arise out of tort caused
28 by the director, prison officers or employees of the department [of corrections], within the

TERMPSREF                                       - 3 -

scope of their legal duties, shall run only against the state." Ariz. Rev. Stat. § 31-201.01 (F). In addition, under Arizona law

> A person who is convicted of a felony offense and who is incarcerated while awaiting sentence or while serving a sentence imposed by a court of law may not bring a cause of action seeking damages or equitable relief from the state or its political subdivisions, agencies, officers or employees for injuries suffered while in the custody of the state or its political subdivisions or agencies unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute.

Ariz. Rev. Stat. §31-201.01 (L). "Serious physical injury" is defined as an "impairment of physical condition that creates a substantial risk of death or that causes serious disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ." Ariz. Rev. Stat. § 31-201.01 (N)(2).

Plaintiff is incarcerated, and the Complaint alleges that any injuries were sustained while in the custody of the state by employees acting within the scope of their duties. Even if negligent failure to follow the grievance procedure states a claim and even if Plaintiff asserts sufficient facts "from which the court may conclude that [he] suffered serious physical injury," Hayden and Zaragosa are not proper Defendants in a state law claim and will be dismissed.

**V.    Claims for Which an Answer Will be Required**

Plaintiff adequately states a claim against Barcklay in Count I, and the Court will direct Barcklay to answer the allegations.

**VI.   Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count II and Defendants Hayden and Zaragosa are **dismissed** without prejudice.

(2)     Defendant Barcklay must answer Count I.

(3)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Barcklay.

(4)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

TERMPSREF

- 5 -

of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)  The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7)  The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

   (a)  personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)  **If Defendant agrees to waive service of the Summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)  Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

1 Rules of Civil Procedure.

2     (10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

    (11) This matter is referred to Magistrate Judge Lawrence Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

    DATED this 5th day of September, 2012.

_____
Robert C. Broomfield
Senior United States District Judge