**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Dale Lowery, | No. CV-12-1625-PHX-RCB (LOA) |
| Plaintiff, | **ORDER TO SHOW CAUSE AND ORDER** |
| vs. | |
| Unknown Barcklay, | |
| Defendant. | |

This action is before the Court on *pro se* Plaintiff's two Motions for Default Judgment, one filed on April 24, 2013, and the other on June 3, 2013. (Docs. 15, 18) Also pending are Plaintiff's Motion to Serve Notice and Motion for Status. (Docs. 16-17)

**I. Background**

Plaintiff, an incarcerated inmate in the Arizona State Prison Complex-Yuma ("Yuma") in the custody of the Arizona Department of Corrections ("ADOC"), San Luis, Arizona, commenced this Section 1983 action on July 30, 2012. (Doc. 1)  On September 6, 2012, the assigned District Judge screened the Complaint and ordered service upon Defendant Dr. Barcklay ("Defendant") after dismissing the other two named defendants. (Doc. 3 at 5)

Plaintiff alleges an Eighth Amendment medical claim of deliberate indifference against Defendant under 42 U.S.C. § 1983. (Doc. 1 at 3)  The Complaint asserts Defendant is employed as a "Health Care Provider, Doctor" with ADOC. (Doc. 1 at 2)  Plaintiff contends that, on March 14, 2011, while working at the prison as a plumber, he injured his left middle knuckle. (*Id.*) Plaintiff claims that, after his initial treatment for the injury, he contacted Health Services

numerous times for further medical care. (*Id.*)  Plaintiff contends Defendant waited until April 19, 2011 to notify Plaintiff she made a request for an "ortho" evaluation. (*Id.*)  Plaintiff further claims when he was seen professionally by an orthopedic surgeon on May 5, 2011, the surgeon determined Plaintiff had severed a tendon and, because so much time had elapsed, the chance for a successful surgery and recovery were greatly diminished. (*Id.*)  The surgeon performed surgery on Plaintiff's injured hand on June 6, 2011. (*Id.*)  Plaintiff alleges Defendant's failure to provide him with adequate and timely medical care for his injury caused him to suffer pain and resulted in diminished use of his hand. (*Id.*)

The District Court's docket reflects a Deputy United States Marshal personally served Defendant with a Summons and Complaint on February 14, 2013. (Doc. 6)  The docket further reflects Defendant has neither filed an answer nor otherwise responded to the Complaint. Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12 provides, in pertinent part, that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Rule 12(a)(1)(A)(i), Fed.R.Civ.P.  On April 12, 2013, nearly two months after service of process, Plaintiff submitted an Application for Entry of Default. (Doc. 11)  Three days later and pursuant to Rule 55(a), Fed.R.Civ.P., the Clerk of Court issued an Entry of Default against Defendant "for failure to answer or otherwise plead." (Doc. 12)  Pursuant to Rule 55(b)(2), Fed.R.Civ.P., a default damages hearing will be scheduled in the near future. Absent a timely written response to this OSC by Defendant, the Arizona Attorney General's Office, or Defendant's counsel and an equally timely Rule 55(c) motion filed, a default damages hearing will be held before the undersigned Magistrate Judge and a report and recommendation will be made to the assigned District Judge, addressing Plaintiff's request for a default judgment. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696-97 (9th Cir. 2001).

## II. Motions for Default Judgment

Pursuant to Rule 55(b), Fed.R.Civ.P., Plaintiff now seeks default judgment against Defendant in the amounts of $90,000.00 for compensatory damages, $150,000.00 in punitive damages, and $350.00 for Plaintiff's filing fee. (Docs. 15, 18)

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. After a default has been entered by a clerk of court, the well-pleaded factual allegations of a complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Discovery Communications, Inc. v. Animal Planet, Inc*., 172 F.Supp.2d 1282, 1288 (C.D. Cal. 2001). Even if the entry of default is appropriate, it may not be sufficient to entitle a plaintiff to a default judgment against a defendant. A district court must decide "'whether the unchallenged facts constitute a legitimate cause of action'" such that a default judgment should be entered. *Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)); *see also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206-08 (5th Cir. 1975) (vacating district court's entry of default judgment because the pleadings were insufficient to support the judgment).

"As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (citation omitted); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (same). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit Court of Appeals mandates that, in exercising its discretion to award a default judgment, a district court consider the following factors :

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

"A plaintiff's burden in 'proving up' damages is relatively lenient." *Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003). "[F]undamental fairness, required by due process of law, limits the scope of relief . . . which is, undoubtedly, why Rule 54(c), Fed.R.Civ.P., proscribes that a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Freemyer v. Kyrene Village II, LLC*, 2011 WL

42681, at *3 (D. Ariz. Jan. 6, 2011) (quoting Rule 54(c), Fed.R.Civ.P.) (internal quotation marks omitted). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA*, 219 F.R.D. at 498 (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc*., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

If entry of default judgment is appropriate, it "[m]ust not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also In re Ferrell*, 539 F.3d 1186, 1192-1193 (9th Cir. 2008) (attorneys' fees and costs may be awarded by default judgment only if the statutory basis for such an award is properly pled in the complaint.). Because the Complaint requests non-liquidated monetary damages, doc. 1 at 7, a default damages evidentiary hearing must be held, requiring Plaintiff to prove his damages allowed by law. *See Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 7430062, at *1 (D. Ariz. Dec. 28, 2011) (citing, *e.g., Holtsinger v.* Briddle, 2007 WL 1080112, at *1 (E.D. Cal. 2007) ("[W]hen a plaintiff's damages are unliquidated (*i.e*., [in]capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits) or punitive, they require 'proving up' through an evidentiary hearing or some other means.") (citation omitted)).

**III. Discussion**

Even though the State of Arizona and ADOC are not parties in this action, they have significant interests in it. The State's interest is derived, in part, by statute. Arizona Revised Statute ("A.R.S.") § 41-621(P) (2004), provides:

> **P.** The department of administration shall pay, on behalf of any state officer, agent or employee, any damages, excluding punitive damages, for which the officer, agent or employee becomes legally responsible if the acts or omissions resulting in liability were within the officer's, agents or employee's course and scope of employment. The department of administration may pay for all damages however designated which the officer, agent or employee becomes legally responsible for if the acts or omissions resulting in liability are determined by the director of the department of administration to be within the person's course and scope of employment.

Plaintiff's allegations against Defendant pertain to acts or omissions allegedly within the course and scope of Defendant's employment as an ADOC physician. Assuming the State had notice of Plaintiff's action, it may retain counsel for Defendant and fund a defense for her. *See* A.R.S. § 41–621(A)(3); *Irvin v. Lexington Ins. Co.*, 2010 WL 3450986 (Az. Ct. App. Sept. 2, 2010).

Moreover, under Arizona law, the State or the Arizona Attorney General's Office may elect to represent Defendant or retain private counsel for her. Pursuant to Arizona Revised Statute § 41-192.02(A):

> The attorney general in his discretion is authorized to represent an officer or employee of this state against whom a civil action is brought in his individual capacity until such time as it is established as a matter of law that the alleged activity or events which form the basis of the complaint were not performed, or not directed to be performed, within the scope or course of the officer's or employee's duty or employment.

This statute authorizes the Attorney General's Office either to handle the defense of public officials and employees sued in their individual capacities directly by attorneys from the Attorney General's Office or to retain outside counsel, either from the professional services budget or by an interagency agreement with the agency in question. *See* Op.Atty.Gen. No. R76-174, p. 93, 1976-77. Most prison litigation against a State employee in the District Court of Arizona is defended by lawyers employed with the Attorney General's Office in the Department of Corrections Unit.

Even though Defendant has failed to answer or otherwise respond to the Complaint and before ruling on the merits of Plaintiff's Motions for Default Judgment, the Court will first order Defendant <u>and</u> the Arizona Attorney General's Office to show cause why a default judgment should not be entered against Defendant.  In light of the strong public policy in favor of deciding cases on their merits, the general rule disfavoring default judgments, and the broad discretion afforded to district courts in ruling on motions for default judgments, the Court finds an order to show cause is appropriate here.

The Court will, therefore, order Defendant and the Arizona Attorney General's Office to show cause on or before July 1, 2013 why default should not be entered against Defendant. The Court will hold Plaintiff's two Motions for Default Judgment in abeyance pending any response to this Order to Show Cause. Given the State's significant interest in this action and the Arizona Attorney General's statutory authority and practice to represent defendant employees in this type of action, the Court will direct the Clerk of Court to notify the Arizona Attorney General's Office of this Order to Show Cause by mailing copies of this OSC as

directed below.

## IV.  Motion to Serve Notice and Motion for Status

In his Motion to Serve Notice, doc. 16, Plaintiff explains that because he has not received a copy of the Summons served on Defendant or a Notice of Appearance from counsel for Defendant, he is unable to serve Defendant with the filings he has submitted to the Court. He asks the Court to serve Plaintiff's filings on Defendant along with any pertinent orders issued by the Court.

Federal Rule of Civil Procedure 5(a)(2) provides, in pertinent part, that "[n]o service is required on a party who is in default for failing to appear." The Court, therefore, sees no need to send copies of Plaintiff's filings to Defendant given Defendant's failure to appear in this action or assume litigation responsibilities of a pro se party. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (Federal "[j]udges have no obligation to act as counsel or paralegal to pro se litigants. . . Requiring district courts to advise a *pro se* litigant . . . would undermine [federal] judges' role as impartial decisionmakers." ). The Motion to Serve Notice will be denied.[1]

Lastly, Plaintiff has submitted a Motion for Status, inquiring about the status of his first Motion for Default Judgment, and a Motion to Serve Notice. (Docs. 16-17)  Because this Order to Show Cause addresses both motions, the Motion for Status will be granted to the extent set forth in this Order to Show Cause.

Based on the foregoing,

**IT IS ORDERED** that, on or before **Monday, July 1, 2013**, Defendant Barcklay and the Arizona Attorney General's Office show cause in writing why a default judgment should not be entered against Defendant pursuant to Rule 55(b)(2), Fed.R.Civ.P.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail a copy of this Order to:

---

[1] The Court notes that it directed a copy of a previous Order to Show Cause, doc. 8 at 2, to be mailed to the address at which Defendant was served with process, but that mailing was returned as undeliverable. (Doc. 14) In light of the importance of the instant Order, the Court will again require a copy to be mailed to Defendant.

1) Defendant Barcklay at the address provided by Plaintiff on the service packet;

2) Mr. Michael Gottfried, Unit Chief, Department of Corrections Unit, Liability Management Section, Office of the Arizona Attorney General, 1275 West Washington Street, Phoenix, Arizona 85007-2926, via certified mail, return receipt requested; and,

3) Mr. Terrence E. Harrison, Chief Counsel of the Liability Management Section, Office of the Attorney General, 1275 West Washington Street, Phoenix, Arizona 85007-2926, via certified mail, return receipt requested.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Serve Notice, doc. 16, is **DENIED**. Plaintiff's Motion for Status, doc. 17, is **GRANTED** to the extent set forth in this Order. Plaintiff's two Motions for Default Judgment, docs. 15, 18, are **HELD IN ABEYANCE** pending a response to this Order to Show Cause. Plaintiff may reply to any response to any Order to Show Cause within seven days of receipt thereof.

Dated this 12th day of June, 2013.

Lawrence O. Anderson
United States Magistrate Judge