WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Dale Lowery,<br><br>           Plaintiff,<br><br>vs.<br><br>Unknown Barcklay, et al.,<br><br>           Defendants. | No.  CV 12-1625-PHX-RCB (LOA)<br><br>**O R D E R** |

      Plaintiff Christian Dale Lowery, who is a prisoner in the custody of the Arizona Department of Corrections (ADC), brought this civil rights case pursuant to 42 U.S.C. §1983 against Karen Barcklay for alleged indifference to serious medical needs.  (Doc. 1.)  Plaintiff moves for summary judgment, and Defendant opposes on the ground that, inter alia, the motion is premature as it was filed fewer than two weeks after the Scheduling Order was issued.  (Docs. 39, 44.)

      The Court will deny the motion without prejudice to refiling a proper motion when the deadline for discovery has passed.

**I.    Background**

      Plaintiff's claim arises from an injury to his hand sustained while working as a plumber for ADC.  (Doc. 1.)  In Count I, Plaintiff alleges that his hand was injured on March 14, 2011, and that Dr. Milazzo sutured the wound, prescribed antibiotics, and placed Plaintiff on limited-duty status, which did not exclude Plaintiff's work assignment.  From then on, Plaintiff was dependent on Defendant for medical care, and

he made nine contacts with Health Services seeking medical attention complaining that he had twice re-injured his hand and was experiencing pain, swelling, and an inability to extend his finger. On April 19, Defendant notified Plaintiff that she had made a request for an "ortho" evaluation. Plaintiff was seen on May 5 by an orthopedic surgeon who concluded that Plaintiff had severed a tendon and that because so much time had elapsed, the chance for successful surgery and recovery was greatly diminished. Although Plaintiff had the surgery on June 6, his hand capacity has been diminished, and he has suffered pain. (Doc. 1 at 3-3a.)

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a claim in Count I against Barcklay and directed her to answer. The Court dismissed the remaining claims and Defendants. (Doc. 3.)

**II.    Motion for Summary Judgment**

    **A.    Legal Standards**

        **1.    Summary Judgment**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 250; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed

factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

When considering a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits or declarations, if any. *See* Fed. R. Civ. P. 56(c). At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But, if the evidence of the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 248-49. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment").

### 2. Medical Claim

To prevail on a claim under the Eighth Amendment for prison medical care, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (citations omitted). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a

1  purposeful act or failure to respond to a prisoner's pain or possible medical need and
2  harm caused by the indifference.  *Jett*, 439 F.3d at 1096.

3  But mere claims of "indifference," "negligence," or "medical malpractice" do not
4  support a claim under § 1983.  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th
5  Cir. 1980).  Inadequate treatment due to malpractice or even gross negligence does not
6  constitute an Eighth Amendment violation.  *Wood v. Housewright*, 900 F.2d 1332, 1334
7  (9th Cir. 1990).  Moreover, differences in judgment between an inmate and prison
8  medical personnel regarding an appropriate medical diagnosis or treatment are not
9  enough to establish a deliberate-indifference claim.  *Toguchi v. Chung*, 391 F.3d 1051,
10 1058 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  To prevail
11 on a claim involving choices between alternative courses of treatment, a prisoner must
12 show that the course of treatment the doctors chose was medically unacceptable in light
13 of the circumstances and that it was chosen in conscious disregard of an excessive risk to
14 the plaintiff's health.  *Jackson*, 90 F.3d at 332.

15 **B.     Discussion**

16 Defendant filed her answer to the Complaint on January 7, 2014, and the Court
17 issued its Scheduling Order on January 14.  (Docs. 37, 38.)  Plaintiff filed his motion for
18 Summary Judgment on January 27.[1]  (Doc. 39.)

19 Although Plaintiff has moved for summary judgment, he has not submitted a
20 separate Statement of Facts or supporting documentation.  Instead, he relies on the
21 allegations in his Complaint. (Doc. 39 at 3-4.)  He claims that although Defendant has
22 filed an answer she has not disputed any material fact, that she has only made general
23 denials, and that she does not deny that her effort to fill out a form 36 days after the

---

[1] Under the "prison mailbox rule," a pleading is deemed filed when handed by the prisoner to a prison official for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Douglas v. Noelle*, 567 F.3d 1103 (9th Cir. 2009); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

injury was inadequate and untimely.  (*Id.* at 4-5.)  He asserts that she cannot produce evidence that she was unaware of Plaintiff's medical needs because he complained of pain and she responded that she would not do anything.  (*Id*. at 6; ref. Doc. 35, Ex. A, Resp. to Plaintiff's Health Needs Request (HNR), stating that "we are still waiting to get the x-ray report.")

Defendant argues that not only has Plaintiff not complied with the Local Rule of Civil Procedure requiring a separate Statement of Facts, more importantly, the Motion is premature.  (Doc. 44 at 2, citing LRCiv 56.1(a).)

The Court agrees.  As to Plaintiff's claim that the Answer does not specifically deny each allegation in the Complaint, Defendant argues that the standard for responding to a summary judgment motion does not apply to answering a complaint and a defendant is not required to dispute material issues of fact in the same way she would in a summary judgment motion.  (Doc. 44 at 5-6.)  The Court notes that because Defendant denied the allegations in the Complaint, she has not admitted them.  *See* Fed. R. Civ. P. 8(b)(B); Doc. 37.

Defendant further contends that she is unable to offer evidence regarding the relevant facts until she obtains Plaintiff's medical records.  (Doc. 44 at 2.)  And she cannot specifically deny Plaintiff's allegations—that is, appropriately respond to a proper summary judgment motion—without access to the medical records.[2]  (*Id*. at 5.)  Defense counsel attests that she did not receive the authorization for the medical records until February 27.  (Doc. 44, Watanabe Decl. ¶ 5.)  Plaintiff claims that defense counsel had the authorization when she prepared her response and that Defendant herself had access to the records before that.  (Doc. 46 at 6.)  The Court rejects Plaintiff's position; Defendant is entitled to sufficient time to prepare her defense with her attorney and to pursue discovery.  The Scheduling Order establishes the time frames for discovery and dispositive motions: March 28 for written discovery, May 12 for depositions, all

---

[2] Defendant also points out that Plaintiff has a pending motion for production of documents.  (*Id*., ref. Doc. 40.)

- 5 -

discovery to be completed by July 28, and dispositive motions filed by September 29. (Doc. 38.)

Plaintiff also refers to a recent decision by the Court regarding his Motion for a Default Judgment.[3] (Doc. 39 at 8; Doc. 46 at 3.) In the Order denying the default judgment, the Court analyzed the three factors related to "good cause" for setting aside an entry of default by the Clerk, including whether the Defendant had a meritorious defense. (Doc. 36 at 5-13.) The Court concluded that Defendant failed to carry her burden on that issue. (*Id*. at 12.) But Defendant did not have access to Plaintiff's medical record when responding to the Motion for a Default Judgment, and the Court did not determine that Defendant had no meritorious defense.

In addition, Defendant argues that without the medical records, Plaintiff cannot support his claim. (Doc. 44 at 2.) The Court agrees. In support of the allegations in the Complaint, the record contains only HNRs from Plaintiff and the Director's response to Plaintiff's grievance; these are insufficient to establish Defendant's deliberate indifference. (Doc. 35, Pl.'s Reply to Response to Order to Show Cause, Exs. A-D.) For example, Plaintiff relies on his HNR and the April 13 response—which states that Defendant is waiting for the x-ray report—to argue that she knew of the injury. (Doc. 39 at 6; Doc. 46 at 4.) But it is not enough that Defendant knew Plaintiff had been injured; Plaintiff must show that Defendant knew the extent and nature of the injury and that Plaintiff needed to be seen by the orthopedic surgeon. *See Farmer*, 511 U.S. at 837 (the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference). Assuming that the April 13 response was from Defendant, it shows that she was waiting for the x-ray to make a determination about what Plaintiff needed. *Id*. at 844 (even a prison official who actually knew of a substantial risk to inmate health or safety may be found

---

[3] On January 7, 2014, the Court denied Plaintiff's Motion for a Default Judgment, granted Defendant's Motion to Set Aside the Default, and granted Defendant's motion to file an untimely answer. (Doc. 36.)

free from liability if he responded reasonably to the risk, although the harm ultimately was not averted). And the record does not show when Defendant became aware of Plaintiff's injury, the extent and nature of it, and the need for surgery to correct the injury.

Likewise, a mere delay in medical care, without more, is insufficient to prevail on a claim against prison officials for deliberate indifference; a plaintiff must show the delay in treatment was harmful. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff offers only inadmissible hearsay from an unidentified surgeon that the surgeon said so much time had elapsed, the chance for successful surgery and recovery was greatly diminished. (Doc. 1, Count I at 4.) Plaintiff must offer competent medical evidence that the delay caused harm, and he must show that Defendant's conduct caused the delay.

In sum, the Court finds that Plaintiff's Motion for Summary Judgment is premature and will deny it without prejudice to refiling at an appropriate time.

**IT IS ORDERED that** the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Summary Judgment (Doc. 39) and it is **denied** without prejudice.

DATED this 17th day of April, 2014.

Stephen M. McNamee
Senior United States District Judge